**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 95-5927

ORLANZO HOLLINGSWORTH,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
G. Ross Anderson, Jr., District Judge.
(CR-95-331)

Submitted: February 11, 1997

Decided: September 16, 1997

Before ERVIN, WILKINS, and NIEMEYER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Brent O.E. Clinkscale, HAYNSWORTH, MARION, MCKAY &
GUERARD, L.L.P., Greenville, South Carolina, for Appellant. J.
Rene Josey, United States Attorney, E. Jean Howard, Assistant
United States Attorney, Christopher W. Seybolt, OFFICE OF THE
UNITED STATES ATTORNEY, Greenville, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant appeals from his conviction by a jury of one count of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (1994). We affirm.

Appellant takes issue with the trial court's denial of his motion for judgment of acquittal, contending that the Government failed to present sufficient evidence of constructive possession. This court reviews the denial of a motion for acquittal under a sufficiency of the evidence standard. Fed. R. Crim. P. 29; see United States v. Brooks, 957 F.2d 1138, 1146-47 (4th Cir. 1992). To support a conviction, "the evidence, when viewed in the light most favorable to the government, must be sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt." United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir. 1993). Circumstantial as well as direct evidence is considered, and the government is given the benefit of all reasonable inferences from the facts proven to those sought to be established. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

Appellant first contends that the trial court should have granted his motion for judgment of acquittal at the close of the Government's case because the Government failed to show he had exclusive control over the drugs. This contention is meritless because possession, both actual and constructive, need not be exclusive, but may be shared with others. United States v. Nelson, 6 F.3d 1049, 1053 (4th Cir. 1993).

Appellant next maintains that the trial court should have granted his motion for judgment of acquittal because there was insufficient evidence that he knew the drugs were in the car and that he had dominion or control over them. Our review reveals, however, that the evidence was indeed sufficient to submit the issue to the jury.

2

The record discloses that two investigators who approached the vehicle after Appellant was removed both observed the potato chip bag with the drugs visibly protruding on the floorboard of the front passenger seat. Further, Appellant was extremely nervous when apprehended, placed his hands high in the air and carefully watched the vehicle after he was removed. When the investigators recovered the potato chip bag from the car, Appellant sighed, placed his hand over his face and sank back into the seat of the patrol vehicle. Finally, Appellant was the driver of the vehicle which evidence established was being driven to a local mall to make a large drug sale. In light of this evidence, Appellant's second contention fails as well.

Finally, Appellant maintains that as a matter of public policy, constructive possession cases should not be submitted to a jury absent a showing of exclusive control over the drugs. As noted above, however, exclusive control is not required to show possession. This assertion is therefore without merit.

Accordingly, we affirm Appellant's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED